# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 17, 2013 Session

## ALBERTO DELEON v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. V20120074     William O. Shults, Commissioner**

---

**No. E2012-02393-COA-R3-CV -FILED- JANUARY 17, 2013**

---

Alberto DeLeon ("the Claimant") filed a claim pursuant to the Criminal Injuries Compensation Act for permanent impairment benefits and moving expense benefits allegedly arising out of an incident that occurred on April 5, 2011, in which the Claimant apparently was shot by his landlord. The claim was assigned to the small claims docket of the Claims Commission. Because we have no jurisdiction to hear an appeal from an order denying a claim appearing on the small claims docket of the Claims Commission, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Albert DeLeon, Chattanooga, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Dianne Stamey Dycus, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In correspondence received from the Clerk of the Claims Commission after the Notice of Appeal was filed, this Court was advised that the claim at issue in this appeal appeared on the small claims docket of the Claims Commission. The Claims Commission, which is authorized to hear claims against the state for damages, "maintain[s] two (2) separate dockets," *i.e.*, a "regular docket" and a "small claims docket." *See* Tenn. Code Ann. § 9-8-403(a)(1), (2). "No appeal may be taken from a commissioner's decision regarding claims appearing on the small claims docket." *Id.* at (a)(2).

By order entered on December 18, 2012, this court directed the Claimant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon it being an appeal from the denial of a claim appearing on the small claims docket. In his response to the show cause order, the Claimant does not challenge the placement of his claim on the small claims docket nor does he indicate that he attempted to have his claim transferred to the regular docket prior to disposition. *See* Tenn. Code Ann. § 9-8-403(c) ("At the discretion of either party at any time prior to a hearing, a claim may be removed from the small claims docket to the regular docket."). Consequently, this Court is without jurisdiction to hear this appeal. *See Steelman v. State*, No. M2006-00706-COA-R3-CV, 2007 WL 2379927 (Tenn. Ct. App., at Nashville, Aug. 21, 2007); *Simpson v. State*, No. 01A01-9011-BC-00431, 1991 WL 135010 (Tenn. Ct. App., at Nashville, July 24, 1991).

This appeal is dismissed for want of jurisdiction. Costs on appeal are taxed to Alberto DeLeon, for which execution may issue if necessary.

**PER CURIAM**